J-S70030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MENTAL HEALTH ASSOCIATION OF SOUTHEASTERN PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| THOMAS A. BIGGINS | |
| Appellant | No. 2990 EDA 2015 |

Appeal from the Order July 21, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2015-134-08

BEFORE:  OLSON, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 17, 2016**

Thomas A. Biggins appeals from the order entered on July 21, 2015,[1] in the Court of Common Pleas of Montgomery County, granting him *in forma pauperis* (IFP) status regarding filing fees only.[2] In this timely appeal, Biggins argues the trial court improperly limited the scope of his IFP status and that the order is appealable as it effectively denies him access to the courts.  After a thorough review of the Appellant's brief,[3] Appellant's statement of why the appeal should not be quashed as interlocutory,

_____

[1] The order was dated July 17, 2015, but was not entered until July 21, 2015.

[2] Pa.R.C.P. 240(c)(3) provides the court may deny an IFP petition in whole or in part.

[3] The appellee opted not to file a brief in this matter.

relevant law, and the certified record, we agree with the trial court that the order is interlocutory and quash the appeal.

Although the resolution of this matter is straightforward, a recitation of the facts and procedural history taken from the trial court's Pa.R.A.P. 1925(a) opinion will be helpful to provide the context for our decision.

> The question presented by this appeal is whether this Court erred by granting Thomas Biggins' Petition and Affidavit for Leave to Proceed *In Forma Pauperis* with respect to filing fees only.
>
> The case underlying the instant appeal arises from a landlord tenant dispute. On June 3, 2015, the Honorable Margaret A. Hunsicker granted the Mental Health Association of Southeastern Pennsylvania possession of the property located at 538 Dekalb Street, Apartment 1-B, Norristown, Pennsylvania. On June 15, 2015 [Biggins] filed a Motion to File Notice of Appeal *Nunc Pro Tunc* with this Court, alleging that the Magisterial District Court [MDC] identified the date of disposition as June 2, 2015, rather than June 3, 2015, and that the Prothonotary of Montgomery County rejected the appeal as untimely when [Biggins] attempted to file it on Monday, June 15, 2015. Also on June 15, 2015, [Biggins] filed a petition to proceed *in forma pauperis*. This Court granted that petition with respect to filing fees only. On June 25, 2015, this Court granted Biggins' Motion to File Notice of Appeal *Nunc Pro Tunc*.
>
> On July 15, 2015, the Mental Health Association of Southeastern Pennsylvania filed a Motion to Strike Appeal for Failure to Timely File Notice of Appeal as [Biggins] had not filed an appeal since this Court granted [Biggins] permission to do so *nunc pro tunc*. On July 16, 2015, [Biggins] filed a Second Motion to File Notice of Appeal *Nunc Pro Tunc*. [4] Simultaneously, [Biggins] filed the

---

[4] The Mental Health Association of Southeastern Pennsylvania withdrew its motion to strike and did not oppose Biggins' second motion for leave to file appeal *nunc pro tunc*.
*(Footnote Continued Next Page)*

Petition and Affidavit for Leave to Proceed *In Forma Pauperis* at issue in this appeal. As with the first petition to proceed *in forma pauperis*, this Court granted the IFP Petition with respect to filing fees only by an Order dated July 17, 2015. On July 24, 2015 Biggins filed a motion to amend the July 17, 2015 Order to include the statement specified in 42 Pa.C.S. § 702(b),[5] which this Court denied by its August 7, 2015 Order. [Biggins] now appeals this Court's Order of July 17, 2015.[6]

Pa.R.A.P. 1925(a) Opinion at 1-2.

A final order disposes of all claims and all parties and is appealable as of right. ***See*** Pa.R.A.P. 341(a). As a general rule, interlocutory appeals are not from final orders and are not appealable. There are certain exceptions

*(Footnote Continued)* ———————

[5] 42 Pa.C.S. § 702(b) states, *in toto*:

**(b) Interlocutory appeals by permission.--** When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

42 Pa.C.S. 702(b).

[6] The trial court further stated:

This Court granted [Biggins'] Second Motion to File Notice of Appeal *Nunc Pro Tunc* by an Order dated October 16, 2015. On October 26, 2015, [Biggins] filed an appeal of the Magisterial District Court's June 3, 2015 judgment in the Montgomery County Court of Common Pleas.

Trial Court Opinion at 2.

to that general rule. **See** Pa.R.A.P. 311, regarding interlocutory appeals as of right. Orders regarding IFP status are not listed among the Rule 311 exceptions. **See Goldstein v. Haband Co., Inc.**, 814 A.2d 1214, 1219 n.2 (Pa. Super. 2002) (Where an order denying an IFP application does not put the litigant out of court, the order is interlocutory and not immediately appealable as of right.). Biggins sought to have the order declared appealable by seeking to have the trial court declare it so pursuant to 42 Pa.C.S. § 702(b); however, the trial court declined. Here, the order granting IFP status does not, facially, dispose of the claims or parties at issue in the underlying matter. Accordingly, by traditional standards, the order is not appealable.

However, when an IFP order has the practical consequence of putting a party out of court, it becomes an appealable order. **See Grant v. Blaine**, 868 A.2d 400 (Pa. 2005). Biggins claims the instant IFP order put him out of court as a practical matter in two ways. First, the order only provided him relief from paying the initial filing fee, so he must still pay all other applicable fees. Second, the order does not apply to costs, thereby preventing him from ordering the notes of testimony from the June 25, 2015 hearing, which he claims he requires to prosecute his appeal. We disagree.

It is undisputed the order in question granted Biggins IFP status as to filing fees only. Clearly, he was able to file his appeal from the magisterial district court (MDC) decision in favor of Mental Health Associates of Southeastern Pennsylvania. In fact, Biggins has done so. There is no

indication that Biggins has attempted to file any other documents with the prothonotary, but has been unable to do so pursuant to the IFP order. Nonetheless, although Biggins appears to believe the IFP order applied only to the *initial* filing fee, the trial court's Pa.R.A.P. 1925(a) opinion states Biggins' IFP status applies with respect to "filing fees", which suggests ongoing IFP status as to filing documents with the prothonotary.[7] Accordingly, we see nothing in the order or trial court opinion that so limits Biggins' IFP status. Therefore, Biggins has not been put out of court by this aspect of the IFP order.

Additionally, Biggins claims he is out of court because the trial court's order has made it impossible for him to obtain the notes of testimony from the June 25, 2015 hearing regarding his application for leave to file his appeal from the MDC decision *nunc pro tunc*. Biggins argues he requires these notes of testimony to continue his appeal At the June 25, 2015 hearing, the trial judge informed Biggins his motion for leave to file *nunc pro tunc* was unopposed and an order would be issued allowing him to file his appeal. Subsequently, the trial judge not only granted Biggins leave to file his appeal *nunc pro tunc*, but also granted him the same IFP status that had originally been granted. Biggins prevailed at the June 25, 2015 hearing,

---

[7] IFP status is subject to ongoing certification of entitlement to said status. **See** Pa.R.C.P. 240(e).

obtaining permission to file his appeal from the MDC decision *nunc pro tunc*. Accordingly, this argument is irrelevant.

Our review of the record confirms that Biggins has not been put out of court, either actually or practically. The trial court has declined to certify the interlocutory order as one ripe for immediate appeal. In light of this, Biggins has improperly appealed from an interlocutory order and the appeal is therefore quashed.

Appeal Quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/17/2016</u>