J-S84009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| H.M. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| R.M.-R. | : | |
| | : | |
| Appellant | : | No. 1401 MDA 2017 |

Appeal from the Order Entered August 22, 2017
In the Court of Common Pleas of Schuylkill County
Civil Division at No(s):  S-475-16

BEFORE:  SHOGAN, J., LAZARUS, J., and OTT, J.

MEMORANDUM BY SHOGAN, J.:                **FILED JANUARY 23, 2018**

Appellant, R.M.-R. ("Father") appeals from the August 22, 2017 order denying his motion to proceed *in forma pauperis* ("IFP") in the underlying child custody action.  After review, we quash the appeal.

Father and H.M. ("Mother") are the parents of a daughter, R.M. ("Child"), who was born in February of 2009.  On May 5, 2016, following a hearing, the trial court granted Mother sole legal and physical custody of Child.  Father currently is incarcerated due to multiple criminal convictions stemming from his attempted murder of Mother; Father shot Mother in the head while Child was in an adjacent room.  Trial Court Opinion, 5/5/16, at 2.

On May 4, 2017, Father filed a *pro se* petition for modification of custody. That same day, the Schuylkill County Prothonotary notified Father that his petition was deficient due to his failure to file a *praecipe* for

certification. The Prothonotary provided notice of this deficiency and enclosed a *praecipe* for certification form for Father to complete and return. Father did not comply with the Prothonotary's directive.

On July 13, 2017, Father filed a second petition for custody. On July 13, 2017, the Schuylkill County Prothonotary notified Father that his petition for custody was again deficient due to his failure to file a *praecipe* for certification; additionally, the Prothonotary informed Father that he failed to remit the required filing fee.

On August 17, 2017, Father filed an application for leave to proceed IFP. In an order filed on August 22, 2017, the trial court denied Father's application for IFP status due to Father's failure to complete the IFP application form and provide precise answers to the inquiries on the form; Father merely wrote "N/A" in response to each question. On September 5, 2017, Father filed a notice of appeal.

In an opinion filed on September 20, 2017, the trial court explained that Father failed to serve the trial court with his notice of appeal and statement of errors complained of on appeal pursuant to Pa.R.A.P. 905(a)(2) and Pa.R.A.P. 1925(a)(2)(i). On September 21, 2017, this Court directed Father to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925. Order, 9/21/17. Father filed a Pa.R.A.P. 1925(b) statement on October 2, 2017, and on October 6, 2017, the trial court filed a supplemental opinion in support of its August 22, 2017 order that denied

Father IFP status. Supplemental Opinion, 10/6/17, at 1-3. The trial court concluded by succinctly stating that nothing in the August 22, 2017 order precluded Father "from amending the pertinent paperwork in an effort to submit a proper application for in forma pauperis relief and petition to modify the relevant order." *Id.* at 3.

As noted above, Father's IFP status was denied due to Father's failure to provide answers on a form because Father merely responded "N/A" to every question on the IFP form. The questions on the form requested information concerning, among other things, Father's employment, income, expenses, property, and dependents. Application for Leave to Proceed In Forma Pauperis, 8/17/17, at 3-6. However, the trial court clarified that the August 22, 2017 order was entered without prejudice to Father's ability to prepare and file the proper paperwork. Supplemental Opinion, 10/6/17, at 3. Therefore, the August 22, 2017 order did not end the litigation or put Father out of court. Where an order denying IFP status does not put a litigant out of court, the order is interlocutory and not immediately appealable as of right. *Goldstein v. Haband Co., Inc.*, 814 A.2d 1214, 1219 (Pa. Super. 2002) (citing *Pugar v. Greco*, 394 A.2d 542 (Pa. 1978)); *compare Grant v. Blaine*, 868 A.2d 400 (Pa. 2005) (holding that where an order denying IFP status in connection with an inmate's prison-condition litigation had the practical consequence of putting the inmate out of court, the order was a final, appealable order).

We conclude that Appellant is not "out of court" and was provided an opportunity to properly file an IFP application in pursuit of modification of custody. Thus, the trial court's order is interlocutory and not appealable. We therefore quash the appeal.[1]

Appeal quashed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/23/2018

---

[1] On November 16, 2017, Father filed a motion for leave to file a reduced number of copies of his brief, which we granted on November 21, 2017. However, we pointed out that because Father did not have IFP status on appeal, he was required to file four copies of the reproduced record. Order, 11/21/17. On November 29, 2017, Father filed an application to proceed IFP in this Court. In light of our disposition, Father's application to proceed IFP on appeal is DENIED as moot.