J-S72016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LSF9 MASTER TRUST | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM C. PLOUFFE, JR. | : | |
| | : | |
| Appellant | : | No. 250 MDA 2018 |

Appeal from the Order Entered January 17, 2018
In the Court of Common Pleas of Berks County Civil Division at No(s):
15-03035

BEFORE:  BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED JANUARY 16, 2019**

Appellant, William C. Plouffe, Jr. ("Plouffe"), appeals *pro se* from an order entered on January 17, 2018, that granted in part and denied in part a motion filed by Appellee, LSF9 Master Trust ("the Trust"), that asked the trial court to revoke Plouffe's *in forma pauperis* ("IFP") status.  After careful review, we quash the appeal.

This mortgage foreclosure action was initiated on March 13, 2015, by Bayview Loan Servicing, LLC, the predecessor in interest to the Trust, against Plouffe, following Plouffe's default on a 2007 mortgage.  Plouffe did not file a timely response to the March 13, 2015 complaint, and on July 8, 2015, Plouffe filed a motion for a continuance.  In January of 2016, Plouffe asked to proceed IFP and requested placement in the Berks County Residential Mortgage Foreclosure Diversion Program.  On February 8, 2016, the trial court granted

Plouffe's motion for IFP status, and on April 18, 2016, the trial court denied Plouffe's motion concerning the diversion program. Plouffe filed an appeal from the April 18, 2016 order, and this Court quashed the appeal as interlocutory. **Bayview Loan Servicing, LLC v. Plouffe**, 168 A.3d 366, 795 MDA 2016 (Pa. Super. filed March 29, 2017) (unpublished memorandum).

On June 13, 2017, Plouffe filed an answer and new matter. On June 20, 2017, the Trust filed preliminary objections to Plouffe's answer and new matter. Over the next several months, Plouffe filed numerous pleadings seeking stays of the proceedings, extensions of time to file documents, renewed requests for placement in the Berks County Residential Mortgage Foreclosure Diversion Program, motions requesting free transcripts of prior proceedings, and petitions for interpleader.

On December 5, 2017, the Trust filed a motion requesting, *inter alia*, the trial court revoke Plouffe's IFP status. On January 17, 2018,[1] the trial court granted, in part, and denied, in part, the Trust's motion. The trial court permitted Plouffe to retain IFP status, but it limited IFP status to the filing of

---

[1] The record reveals that on January 17, 2018, two orders were entered on the docket. These orders were dated January 12, 2018, and January 16, 2018, respectively, but they were substantially the same and limited Plouffe's IFP status. The trial court discovered this duplication, and on February 15, 2018, it vacated the order dated January 16, 2018, as a patent and obvious mistake. Therefore, the order on appeal is the order dated January 12, 2018, and entered on the docket on January 17, 2018.

certain enumerated documents only.[2]  On February 2, 2018, Plouffe filed a timely appeal from the January 17, 2018 order modifying his IFP status.

At the outset, we conclude that the order from which Appellant purports to appeal is interlocutory and not appealable as it does not put Plouffe out of court.  **See Goldstein v. Haband Co., Inc.**, 814 A.2d 1214, 1219 n.2 (Pa. Super. 2002) (stating that when an order denying an IFP status does not put the litigant out of court, the order is interlocutory and not immediately appealable as of right).  Accordingly, we are constrained to quash this appeal, as we lack jurisdiction.  **See Murphy v. International Druidic Society**, 152 A.3d 286, 289 (Pa. Super. 2016) ("This Court does not have jurisdiction to entertain an appeal from a non-appealable, interlocutory order.") (citation omitted).

Assuming *arguendo* that this Court had jurisdiction to address this appeal, we would remain unable to provide any relief.  On February 5, 2018, the trial court ordered Plouffe to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days.  Plouffe failed to file a Pa.R.A.P. 1925(b) statement.  Accordingly, Plouffe did not preserve any questions for appellate review.  **See B.G. Balmer & Co., Inc. v. Frank Crystal & Company, Inc.**, 148 A.3d 454, 473 (Pa. Super. 2016)

---

[2] The order permitted Plouffe IFP status relative to filing an amended answer to the complaint, a motion on the pleadings, a motion for summary judgment, briefs in support of such motions, a motion to certify the case ready for trial, and costs for filing an appeal.  Order, 1/17/18.

(stating that issues not preserved in the Pa.R.A.P. 1925(b) statement are waived on appeal).

For the reasons set forth above, we conclude that this appeal is interlocutory and not properly before our Court.  Therefore, we quash.

Appeal quashed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/2019