# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Tedesco,                                    :
              Appellant                  :
                                     :
           v.                            :
                                       :
Cynthia Link, Wendy Shaylor, Laurel             :
Harry, Barry Smith, Renee Zobitne,              :
Robert Sebastianelli, John Doe State            :
Police Detective #2, William Houser,            :
United States Attorney General's Office,         :
Scranton PA, Attorney General's Office          :
for the State of Pennsylvania,                   :
Harrisburg PA, Pennsylvania                      :
Department of Corrections,                        :
Pennsylvania State Police, Tonya Heist,          :
Deb Alvord, Jeffrey Whitherite,                   :
Michael Bell, Dorina Varner, Monroe             :
County District Attorney Office,                 : No. 709 C.D. 2020
Stroudsburg PA, Sergeant Pierce                 : Submitted: May 6, 2022


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON         FILED: October 3, 2022


        John Tedesco (Tedesco), *pro se*, appeals from the November 22, 2019 order of the Montgomery County Court of Common Pleas (trial court) dismissing his complaint and denying his petition to proceed *in forma pauperis* (IFP Petition). Upon review, we remand to the trial court to render an opinion that more fully

comports with Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a) (Rule 1925(a)).

## I. Background

On November 15, 2019, Tedesco filed a lengthy complaint levying 21 claims across 79 counts against 19 defendants.[1] *See* Complaint, 11/15/19 at 1-86, Original Record (O.R.) at 3-88. Tedesco averred that while incarcerated at the Monroe County Correctional Facility in Stroudsburg, he obtained "thousands of documents related to his discovery" in preparation for an upcoming criminal trial set for August 2015. *Id.* at 7, O.R. at 9. Tedesco alleged that "mixed in with his discovery"[2] were various documents which "had nothing to do with [him]" and pertained instead to a "missing persons/insurance fraud investigation" that was being conducted by the regional office for the United States Attorney General's Office in Scranton, Pennsylvania and the Pocono Mountain Regional Police Department. *Id.* Following his transfer to the State Correctional Institution at Graterford in April 2016, Tedesco was "called down to the security office," where he was "question[ed] about how the documents related to the United States Attorney Gene[]ral's Office came into [his] possession[.]" *Id.* at 8, O.R. at 10. Tedesco stated "that he wanted

---

[1] Tedesco's varied claims include, *inter alia*, false imprisonment, violation of the Due Process Clause of the United States Constitution, abuse of process, intentional and negligent infliction of emotional distress, wrongful use of civil proceedings, retaliation, and failure to train. *See* Complaint, 11/15/19 at 13-86, O.R. at 15-88. Tedesco named as defendants various state and federal officials and entities, including certain Pennsylvania Department of Corrections employees located at the State Correctional Institution at Camp Hill, the United States Attorney General's Office (AGO) and an AGO attorney, the Pennsylvania Attorney General's Office, the Pennsylvania State Police and the Pennsylvania Department of Corrections. *See id.* at 6-7, O.R. at 8-9.

[2] We note that the record does not contain Tedesco's alleged request for documents.

to get the documents back to their owner as he did not want to get into trouble by having the documents in his possession," and that he "just wanted to do the right thing." *Id.* Tedesco estimated that he had inadvertently received at least 150 to 200 documents relating to the "missing persons/insurance fraud investigation," and that he might still discover more. *Id.* Tedesco alleged that he was asked to return the documents and that "several witnesses" observed him handing them over to the correctional officers escorting him to his cell. *Id.* Following his transfer to the State Correctional Institution at Camp Hill on June 15, 2016, Tedesco averred that he was the only inmate who did not receive his "property." *Id.* at 10, O.R. at 12. Tedesco asserted that he had gone 40 months without his "legal documents/papers," thus "hindering any type of chance to file his direct appeal, [Post Conviction Relief Act (P.C.R.A.)], [or] habeas corpus." *Id.* Tedesco asserts "that he was punished legally, financially, and emotionally for having documents related to the United States Attorney Gener[a]l's Office in Scranton[']s missing persons/insurance fraud investigation[.]" *Id.*

Tedesco avers that he subsequently filed a claim pursuant to Section 1983 of Title 42 of the United States Code, 42 U.S.C. § 1983, in the United States District Court for the Middle District of Pennsylvania, as well as multiple unspecified grievances.[3] *Id.* at 9-10, O.R. at 11-12. In that claim, Tedesco averred that the confiscation of his "documents/papers" hindered his ability to file a "direct appeal, P.C.R.A., [or] habeas corpus[.]" *Id.* at 9, O.R. at 11.

---

[3] It is not clear from the record whether Tedesco intends to reference grievances filed through the inmate grievance system of the Pennsylvania Department of Corrections.

Also on November 15, 2019, Tedesco filed his IFP Petition. *See* Trial Ct. Docket at 2, O.R. at 2.[4] By order dated November 22, 2019, the trial court dismissed Tedesco's complaint pursuant to Pennsylvania Rule of Civil Procedure 240(j)(1), Pa.R.Civ.P. 240(j)(1) (Civil Rule 240(j)(1)) and denied Tedesco's IFP Petition.[5] *See* Trial Ct. Order, 11/22/19, O.R. at 114. Roughly one month later, the trial court issued an opinion pursuant to Rule 1925(a). *Tedesco v. Link* (Montg. Cnty. Comm. Pl. Ct., No. 2019-26967, filed Dec. 20, 2019), slip op. at 2-3. In its Rule 1925(a) opinion, the trial court distilled the "gist" of Tedesco's "prolix" complaint to an assertion that the documents mistakenly sent to him evidenced that he was being unlawfully investigated for other crimes.[6] Trial Court Op., 12/20/19 at 2-3. The trial court determined that Tedesco's complaint was frivolous pursuant to Civil Rule 240(j), as he failed to plead a valid cause of action or to aver facts

---

[4] The original record does not contain a complete copy of Tedesco's November 15, 2019 IFP Petition. Based on the content of the numbered paragraphs preceding and on the same page as the trial court's November 22, 2019 order, this page presumably constitutes the final page of Tedesco's IFP Petition. *See* Trial Ct. Order, 11/22/19, O.R. at 114; Trial Ct. Docket at 2, O.R. at 2. We further note that this excerpt bears a signature dated October 1, 2019, indicating Tedesco's assent to certain terms and conditions, such as his continuing obligation to apprise the trial court of any improvement in his financial circumstances. *See* O.R. at 114.

[5] Confusingly, the original record also contains a copy of a dateless trial court order apparently evidencing the court's intention to grant an IFP Petition submitted by Tedesco as to filing fees and sheriff costs. *See* O.R. at 112. However, the trial court judge did not sign this order. *See id.* Similar to the final page of Tedesco's November 15, 2019 IFP Petition, the IFP petition preceding the dateless order bears a signature by Tedesco dated October 1, 2019. *See id.*

[6] We note that, contrary to the trial court's view, Tedesco's complaint centers on his assertion that various government employees, officers and entities retaliated against him by withholding the documents he had obtained pursuant to discovery, because he had purportedly received, inadvertently, documents pertaining to an unrelated "missing persons/insurance fraud investigation." Complaint, 11/15/19 at 9-10, O.R. at 11-12.

The trial court noted that Tedesco had filed suit in federal court seeking relief on the basis of the same conduct complained of here, and that the federal court had dismissed Tedesco's complaint. Trial Ct. Op., 12/20/19 at 2 & 4.

4

demonstrating that the government officials named in his complaint "violated [] any of his constitutional rights or acted outside the scope of the immunity to which they are entitled." *Id.* at 4-5 (citing *Bronson v. Lechward*, 624 A.2d 799 (Pa. Cmwlth. 1993)).

Tedesco filed a motion for reconsideration, which the trial court denied. *See* Mot. for Recons., 12/5/19, O.R. at 116; Trial Ct. Order, 12/12/19 (amended 12/16/19, O.R. at 119). Tedesco then filed a notice of appeal with the Superior Court, which was transferred to this Court by order dated February 13, 2021. *See* Notice of Appeal, 12/19/19; Super. Ct. Order, 2/14/20.[7]

## II. Issues

Before this Court,[8] Tedesco argues that "all of [his] claims had an arguable basis" and that he "pled a clear right to relief in regards to all of his legal documents being seized by the Department of Corrections[.]" Tedesco's Br. at 14. Tedesco contends that the facts pleaded in his complaint establish that defendants "in conjunction with each other had some type of agreement or understan[d]ing among themselves[] to co[n]fiscate, destroy and[/]or conceal the whereabouts of all of [his] legal documents in retaliation for having documents that were related to the United States Attorney General[']s Office in Scranton[']s missing persons insurance fraud report." *Id.* at 23. Tedesco asserts that he "was led to believe for months that

---

[7] Tedesco filed an application to appeal *in forma pauperis*, which the trial court granted on December 16, 2019. *See* Trial Ct. Docket at 5, O.R. at 126.

[8] Appellate review of a decision dismissing an action pursuant to Civil Rule 240(j)(1) is limited to determining whether constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law. *Jones v. Doe*, 126 A.3d 406, 408 n.3 (Pa. Cmwlth. 2015).

the Department of Corrections [was] actually working on a solution to retain his legal documents." *Id.* at 27.

Further, Tedesco maintains that the trial court erred in denying his IFP Petition without providing at least a brief statement of the reasons for its denial. *Id.* at 29 (citing Pa.R.Civ.P. 240(c)(3)). Tedesco contends that the trial court's "belated [Rule] 1925(a) opinion [did] not cure this problem," as an explanation regarding the denial would have enabled him to correct any defects in his petition. *Id.* (citing *Goldstein v. Haband Co., Inc.*, 814 A.2d 1214, 1215 (Pa. Super. 2002)). Tedesco asserts that he was "left to guess" at the trial court's reasons for its denial, as he "was only provided with a paper stating his claims [were] dismissed[.]" *Id.* at 30. Moreover, Tedesco maintains that the "trial court [was] required to hold an evidentiary [hearing] to determine the veracity of the claim of inability to pay the costs of litigation[.]" *Id.* (citing *Crosby Square Apartments v. Henson*, 666 A.2d 737, 738-39 (Pa. Super. 1995)).[9] Tedesco also requests transfer of his claims to the Pennsylvania Superior Court. *Id.*

Accordingly, Tedesco requests that this Court "set aside" the trial court's November 22, 2019 order denying his IFP Petition and dismissing his complaint.[10] *See id.* at 36.

---

[9] Tedesco had also asserted, in connection with his argument that the trial court erred in dismissing his claims as frivolous, that "the procedural aspect of due process guarantees the availability of certain mechanisms, typically the right to notice and a hearing before the government can deprive an individual of his property," and that "to date [he] has not been provided with any type of post[-]deprivation hearing[.]" Tedesco's Br. at 15.

[10] By order dated May 11, 2022, this Court stated that Appellees were precluded from filing appellate briefs in the instant matter due to their failure to file briefs within 14 days of our December 10, 2021 order. *See* Cmwlth. Ct. Order, 5/11/22.

Tedesco filed a request for oral argument, which this Court denied by order dated June 17, 2022. *See* Cmwlth. Ct. Order, 6/17/22.

## III. Discussion

Civil Rule 240 provides, in relevant part:

> (b) A party who is without financial resources to pay the costs of litigation is entitled to proceed *in forma pauperis*.
>
> . . .
>
> (c)(3) . . . If the [*in forma pauperis*] petition is denied, in whole or in part, the court shall briefly state its reasons.
>
> . . . .
>
> (j)(1) If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.Civ.P. 240. "A frivolous action or proceeding has been defined as one that 'lacks an arguable basis either in law or in fact.'" Pa.R.Civ.P. 240(j)(1), Note (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *see also McGriff v. Vidovich*, 699 A.2d 797, 799 (Pa. Cmwlth. 1997) ("Under [Civil] Rule 240(j), an action is frivolous "if, on its face, it does not set forth a valid cause of action."). An individual seeking to proceed *in forma pauperis* is responsible for presenting a valid cause of action. *McWilliams v. Commonwealth*, 264 A.3d 828 (Pa. Cmwlth. 2021) (citing *Conover v. Mikosky*, 609 A.2d 558, 560 (Pa. Super. 1992)). Nevertheless, courts must remain "mindful that a *pro se* complaint should not be dismissed simply because it is not artfully drafted." *Ocasio v. Prison Health Servs.*, 979 A.2d 352, 354 (Pa. Super. 2009).

7

Here, the trial court's November 22, 2019 order denying Tedesco's IFP Petition and dismissing his complaint provided no explanation apart from citing Civil Rule 240(j)(1). *See* Trial Ct. Order, 11/22/19, O.R. at 115. As noted above, that provision permits a trial court to dismiss an action "if the allegation of poverty is untrue or if it is satisfied that the action . . . is frivolous." Pa.R.Civ.P. 240(j)(1). In light of the Rule 1925(a) opinion issued roughly one month later, it appears that the trial court denied Tedesco's IFP Petition based on a determination that the underlying action was frivolous, as opposed to lack of support for the allegation of poverty. However, the trial court's subsequent Rule 1925(a) opinion did not "cure" its noncompliance with Civil Rule 240(c)(3). *Lynch v. Gittelmacher* (Pa. Cmwlth., No. 2467 C.D. 2015, filed June 8, 2016), slip op. at 4[11] (citing Pa.R.Civ.P. 240(c)(3)); *Goldstein*, 814 A.2d at 1215 (vacating and remanding to the trial court due to the court's failure to provide a brief statement of its reasons at the time it denied plaintiff's IFP petition, explaining that "[a] trial court's belated [Rule] 1925(a) opinion does not cure this problem, since the brief statement of reasons enables the party to correct any defects in the [IFP] petition and the [Rule] 1925(a) opinion does not")). Although the trial court's omission would constitute harmless error if the complaint was indeed frivolous, as Tedesco's failure to state a claim would provide a valid basis for the dismissal of the action irrespective of his financial status, the trial court's Rule 1925(a) opinion does not facilitate meaningful appellate review of this question. *See McCool v. Dep't of Corr.*, 984 A.2d 565, 572 (Pa. Cmwlth. 2009) (affirming a trial court's dismissal of a complaint for failure to state a cause of action despite an IFP petitioner's offer to pay filing fees, where the complaint would have

---

[11] We cite this unreported opinion for its persuasive value pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

been dismissed on that basis even if the petitioner had not requested IFP status and had paid the filing fees); *see also Commonwealth v. Benchoff*, 700 A.2d 1289, 1293 (Pa. Super. 1997) (stating that Rule 1925(a) "enables [appellate courts] to conduct effective and meaningful review of lower court decisions"); *Tejada v. Dowd* (Pa. Cmwlth., No. 484 C.D. 2021, filed May 25, 2020), slip op. at 1-2 & 6 (remanding the matter to the trial court, where "this Court's ability to perform meaningful appellate review . . . [was] hindered by the trial court's failure to offer any explanation for its determination that [the plaintiff's] underlying action was frivolous, as required by [Rule] 1925(a)").

Rule 1925(a)(1) provides, in pertinent part:

> [U]pon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall . . . file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

Pa.R.A.P. 1925(a)(1). Our Supreme Court has declared repeatedly that the "purpose of [Rule] 1925(a) is to facilitate appellate review of a particular trial court order. Additionally . . . the rule fulfills an important policy consideration by providing to disputing parties, as well as to the public at large, the legal basis for a judicial decision." *Commonwealth v. Parrish*, 224 A.3d 682, 692 (Pa. 2020) (quoting *Commonwealth v. DeJesus*, 868 A.2d 379, 382 (Pa. 2005)); *see also Temple v. Providence Care Ctr., LLC*, 233 A.3d 750, 768 (Pa. 2020) (stating that "[t]he salutary purpose of a Rule 1925(a) opinion is to provide a sufficient foundation for ensuing appellate review") (citation and quotation marks omitted). We acknowledge that the requirements of Rule 1925(a) may be satisfied if the trial court provides at

least a "short statement" explaining the reasons for its ruling. *Brown v. Wise* (Pa. Cmwlth., No. 241 C.D. 2018, filed Aug. 26, 2019), slip op. at 14. However, here, Tedesco levied 21 claims across 79 counts against 19 defendants. The trial court did not detail the reasons supporting its order, but rather summarily concluded that Tedesco's complaint was frivolous, because he failed to "[plead] facts showing that the many government officials he sued violated . . . any of his constitutional rights or acted outside the scope of the immunity to which they are entitled." Trial Court Op., 12/20/19 at 4; *see also Lemon v. Dep't of Transp., Bureau of Driver Licensing*, 763 A.2d 534, 538 n.2 (Pa. Cmwlth. 2000) (noting that Rule 1925(a) "[r]equires a trial court, upon notice of appeal from an order issued by that court, to file an opinion detailing the reasons for the order" and, further, that "[t]he purpose of the rule is to provide the appellate court with a reasoned basis for the trial court's order"); *Commonwealth v. Bradley*, 554 A.2d 127, 129 (Pa. Super. 1989) (citing Pa.R.A.P. 1925(a), "not[ing] that the complex issue raised by appellant in its brief was summarily dismissed by the trial court in one sentence" and that "[t]he trial court did not articulate any reasons for its decisions, nor direct [the court] to any part of the record where a more complete analysis was set forth"). Thus, because the trial court failed to adequately explain the legal basis for its conclusion that all of Tedesco's claims either were barred by immunity or failed to establish the violation of a constitutional right, we deem this opinion insufficient to facilitate effective appellate review. *See Tejada*, slip op. at 6 (holding that trial court's Rule 1925(a) opinion was inadequate where the opinion failed to provide "'the legal basis for [its] decision,' . . . instead simply quot[ing] Civil Rule 240(j)(1) and its Note and stat[ing], in a conclusory fashion, that the underlying action was frivolous, without stating

10

how or why the particular claims set forth in [the c]omplaint met that standard") (quoting *Parrish*, 224 A.3d at 692).

Accordingly, we remand the matter to the trial court to prepare and forward to this Court, within 45 days, an opinion in support of its order in compliance with Rule 1925(a). *See Commonwealth v. Pate*, 617 A.2d 754, 759 (Pa. Super. 1992) ("The remedy for non[]compliance with the rule is a remand to the trial judge.").

_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Tedesco,                                      :
                Appellant                        :
                                                    :
                                                    :
         v.                                     :
                                                    :
Cynthia Link, Wendy Shaylor, Laurel         :
Harry, Barry Smith, Renee Zobitne,          :
Robert Sebastianelli, John Doe State        :
Police Detective #2, William Houser,        :
United States Attorney General's Office,     :
Scranton PA, Attorney General's Office       :
for the State of Pennsylvania,              :
Harrisburg PA, Pennsylvania                 :
Department of Corrections,                  :
Pennsylvania State Police, Tonya Heist,     :
Deb Alvord, Jeffrey Whitherite,             :
Michael Bell, Dorina Varner, Monroe         :
County District Attorney Office,            :   No. 709 C.D. 2020
Stroudsburg PA, Sergeant Pierce             :

## O R D E R

AND NOW, this 3rd day of October, 2022, this matter is remanded to the Montgomery County Court of Common Pleas (trial court) to prepare and forward to this Court, within 45 days, an opinion in support of its order in compliance with Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a).

        Jurisdiction retained.


                                       _____
                                       CHRISTINE FIZZANO CANNON, Judge