J-S18018-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MICHAEL JEROME IRBY JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CROSSAMERICA PARTNERS LP, | : | No. 1426 WDA 2024 |
| DUNNE MANNING REALTY LP, JANE | : | |
| DOE, AND HOLLIDAYSBURG POLICE | : | |
| DEPARTMENT | : | |

Appeal from the Order Dated October 29, 2024
In the Court of Common Pleas of Blair County Civil Division at No(s):
2024-GN-3441

BEFORE: DUBOW, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.: **FILED: August 5, 2025**

Appellant Michael Jerome Irby, Jr. appeals *pro se* from the order denying

his petition to proceed *in forma pauperis* (IFP) in the underlying action that

Appellant initiated against Appellees CrossAmerica Partners LP, Dunne

---

[*] Former Justice specially assigned to the Superior Court.

Manning Realty LP, Jane Doe, and the Hollidaysburg Police Department.[1] After review, we vacate and remand with instructions.[2]

Briefly, the record reflects that on October 24, 2024, Appellant filed a civil complaint against Appellees based on allegations that Jane Doe, an employee at Joe's Kwik Mart, assaulted Appellant. **See** Complaint, 10/24/24, at ¶¶ 2-5. On the same day that he filed his complaint, Appellant filed a petition with the trial court requesting to proceed IFP. **See** IFP Petition, 10/24/24. On October 29, 2024, the trial court denied Appellant's request for IFP status without holding a hearing and without providing reasons for its decision. **See** Order, 10/29/24. Appellant filed a timely notice of appeal. The trial court did not order Appellant to file a Pa.R.A.P. 1925(b) statement. In lieu of a Rule 1925(a) opinion, the trial court filed a letter requesting that this Court remand the matter for further consideration concerning whether

---

[1] "An order denying a petition to proceed *in forma pauperis* is a final, appealable order since the appellant is effectively out of court due to the claimed inability to provide costs and fees necessary to pursue the action in the trial court." **Crosby Square Apartments v. Henson**, 666 A.2d 737, 738, n.1 (Pa. Super. 1995) (some formatting altered).

[2] Although Appellee the Hollidaysburg Police Department is a local government agency, and while our Commonwealth Court maintains jurisdiction over many matters involving such agencies pursuant to 42 Pa.C.S. § 762, we note that the appeal in the instant case is narrow in scope and involves only the order denying IFP status. Under the circumstances presented here, we conclude that judicial economy is served by the Superior Court deciding this matter, as no party has objected to our jurisdiction. **See Cooper v. SGYS St. Ives, LLC**, 333 A.3d 1046, 1048, n.1 (Pa. Super. 2025); 42 Pa.C.S. § 704(a).

Appellant's request for IFP status in the filing of the initial civil complaint in this matter is warranted. **See** Trial Ct. Letter, 12/20/24.

On appeal, Appellant raises the following issues:

1. Whether the [trial court] committed clear error of law, when [it] denied Appellant's application to proceed [IFP] without providing an explanation or affording Appellant a hearing in accord[ance] with longstanding Pennsylvania Law.

2. Whether [A]ppellant is entitled to a hearing from the [trial] court to determine [IFP] status pursuant to Pennsylvania law.

3. Whether the [trial court] violated Appellant's procedural due process rights under the 14th Amendment to the United States constitution and under Article 1 Section 11 under the [Pennsylvania] Constitution, when the [trial] court . . . denied Appellant's application to proceed [IFP] without [a] hearing or explanation.

Appellant's Brief at 6 (formatting altered).

Although Appellant identifies three issues in his statement of questions, Appellant argues these claims as a single issue in his appellate brief. **See id.** at 10.[3] The crux of Appellant's claim is that the trial court erred when it denied Appellant's petition for IFP status without holding a hearing and without providing any rationale for denying the petition. **See id.** (citing **Goldstein v. Haband Co., Inc.**, 814 A.2d 1214 (Pa. Super. 2002)).

---

[3] As stated, Appellant combines his claims of error into a single argument in his brief. **See** Pa.R.A.P. 2119(a) (stating that "[t]he argument shall be divided into as many parts as there are questions to be argued"). However, Appellant's noncompliance with Rule 2119(a) does not impede our review, and we will proceed with our discussion. **See, e.g., Commonwealth v. Levy**, 83 A.3d 457, 461 n.2 (Pa. Super. 2013) (declining to find waiver on the basis of Appellant's failure to comply with the Rules of Appellate Procedure, where the errors did not impede this Court's review).

Our standard of review is as follows:

In reviewing a trial court's resolution of an application to proceed *in forma pauperis*, we reverse only if the court abused its discretion or committed an error of law. Nonetheless, if a trial court disbelieves the averments in an application to proceed *in forma pauperis*, it is required to hold a hearing on the application to determine the veracity of the allegations contained therein.

*Crosby Square Apts.*, 666 A.2d at 738 (citations omitted and formatting altered). "If the petition [to proceed IFP] is denied, in whole or in part, the court shall briefly state its reasons." Pa.R.C.P. 240(c)(3).

Here, the record reflects that the trial court denied Appellant's petition to proceed IFP without holding a hearing and without providing its reasons for denying Appellant's petition. As such, we are constrained to conclude that the trial court abused its discretion and committed an error of law, as Appellant was not afforded the proper procedures to determine whether he was entitled to proceed IFP. *See Goldstein*, 814 A.2d at 1215 (stating that "[i]f there are factual allegations in the petition that justify IFP treatment, the judge cannot dispute the facts without a hearing and deny the application"); *see also Crosby Square Apts.*, 666 A.2d at 738-39. Therefore, we agree with the trial court that remand is necessary.

Accordingly, we vacate the order denying Appellant's petition and remand this matter to the trial court to determine whether Appellant may proceed IFP in the underlying matter. *See Goldstein*, 814 A.2d at 1215, 1221; *Crosby Square Apts.*, 666 A.2d at 738-39.

If the trial court disbelieves any of the averments in Appellant's petition to proceed IFP, it shall hold a hearing to determine the veracity of Appellant's claims. *See Goldstein*, 814 A.2d at 1215, 1221; *Crosby Square Apts.*, 666 A.2d at 738-39. In the event that the trial court denies Appellant's petition to proceed IFP, in whole or in part, the trial court shall provide the reasons for its decision. *See* Pa.R.C.P. 240(c)(3).

Order vacated. Case remanded with instructions.[4] Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 8/5/2025

---

[4] On June 27, 2025, Murray J. Weed, Esq., counsel for Appellee Hollidaysburg Police Department, filed a motion in this Court to withdraw as counsel, and on July 2, 2025, J. Ronaldo Legaspi, Esq. entered an appearance on behalf of Appellee Hollidaysburg Police Department. Accordingly, we GRANT Attorney Weed's motion to withdraw.