# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Hadassah Feinberg, | : | CASES CONSOLIDATED |
| Appellant | : | |
| | : | |
| v. | : | Nos. 1429 & 1430 C.D. 2023 |
| | : | Submitted: December 9, 2024 |
| Baltimore County Police Department, | : | |
| Dauphin County Children & Youth | : | |
| Services, Susquehanna Township | : | |
| School District, Susquehanna Township | : | |
| Police Department, Harrisburg City | : | |
| Police Department, Commissioner | : | |
| George P. Hartwick III, Crisis | : | |
| Intervention Services of Dauphin | : | |
| County, and Dauphin County | : | |
| Communications | : | |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge (P.)
               HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER       FILED: April 11, 2025

Hadassah Feinberg (Appellant), pro se, appeals the November 9, 2023 Order of the Court of Common Pleas of Cumberland County (Cumberland Common Pleas), which transferred Appellant's Emergency Petition for Relief (Petition) to the Court of Common Pleas of Dauphin County (Dauphin Common Pleas) on improper venue grounds (Transfer Order). Additionally, Appellant appeals the November 29, 2023 Order of Cumberland Common Pleas, which denied Appellant's Petition to Proceed In Forma Pauperis (IFP Petition) as to the filing fee associated with the

appeal of the November 9, 2023 Order (IFP Order). Also before this Court are five applications for relief filed by Appellant. For the following reasons, this Court dismisses as moot Appellant's appeal of the Transfer Order, affirms the IFP Order, and denies all of Appellant's applications for relief filed with this Court in this matter.

## I. BACKGROUND

Although Appellant presents an extensive factual history involving multiple actions in multiple jurisdictions, the facts surrounding Appellant's appeal of the Transfer Order and IFP Order are straightforward.

On November 3, 2023, Appellant commenced this matter by filing the Petition with Cumberland Common Pleas against Dauphin County Children and Youth Services (Dauphin CYS), Susquehanna Township School District (Susquehanna School District), Susquehanna Township Police Department (Susquehanna Police), Harrisburg City Police Department, Commissioner George P. Hartwick, III (Commissioner Hartwick), Crisis Intervention Services of Dauphin County (Dauphin CIS), and Dauphin County Communications (Dauphin Communications) (collectively, Dauphin County Appellees), in addition to Baltimore County Police Department (all parties, Appellees). (Supplemental Reproduced Record (S.R.R.) at 6b-13b.)[1] Appellant filed the Petition following the initiation of a dependency matter

---

[1] By Order dated December 22, 2023, this Court granted Appellant's Application for Leave to Proceed In Forma Pauperis, waived this Court's filing fee, and ordered Appellant to proceed in conformity with Pennsylvania Rule of Appellate Procedure 2151(b), Pa.R.A.P. 2151(b) ("If leave to proceed in forma pauperis has been granted to a party, such party shall not be required to reproduce the record."). Because Appellant did not produce a reproduced record, Dauphin CYS, Commissioner Hartwick, Dauphin CIS, and Dauphin Communications produced a supplemental reproduced record in conformity with Rules 2156 (Supplemental Reproduced Record) and 2173 (Numbering of Pages) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 2156, 2173.

by Dauphin CYS in Dauphin Common Pleas (Dependency Matter), and the subsequent November 3, 2023 Order of Dauphin Common Pleas, which ordered that one of Appellant's children be removed from her custody and placed into the custody of Dauphin CYS. (*Id.* at 11b-12b, 14b-26b.) In the Petition, Appellant requested that Cumberland Common Pleas intervene in the Dependency Matter to either return her four children to her custody or transfer her children to the custody of Cumberland County Children and Youth Services.[2] (*Id.* at 12b.) Appellant requested that Cumberland Common Pleas intervene because, although she resided in Dauphin County in mid-October 2023, at the time of the November 2023 order in the Dependency Matter, she resided in Cumberland County with her children. (*Id.* at 7b-8b, 11b-12b.) Therefore, Appellant believed Cumberland Common Pleas, not Dauphin Common Pleas, had proper jurisdiction over the Dependency Matter. (*Id.* at 12b.)

On November 9, 2023, Cumberland Common Pleas *sua sponte* transferred the Petition to Dauphin Common Pleas on improper venue grounds. (*Id.* at 46b.) Cumberland Common Pleas explained that "a cause of action brought against a political subdivision must be brought in the county in which the political subdivision is located." (*Id.* (citing Pennsylvania Rule of Civil Procedure 2103, Pa.R.Civ.P. 2103).) Accordingly, because Appellant brought an action against political subdivisions located in Dauphin County, i.e., Dauphin County Appellees,

---

[2] In the Petition, Appellant avers that "[o]n November 3, 2023[,] Dauphin CYS took placement of [Appellant's] four children." (S.R.R. at 11b.) However, the November 3, 2023 Order of Dauphin Common Pleas directed Dauphin CYS to remove only one child from Appellant's custody. (*See id.* at 14b.) Based on the record provided to this Court, it is unclear whether Dauphin CYS took custody of only one of Appellant's children or all four of her children following the November 3, 2023 Order of Dauphin Common Pleas.

3

Cumberland Common Pleas transferred the Petition to Dauphin Common Pleas on the basis that it is the only proper venue for the Petition. (*Id.*)

Subsequently, on November 13, 2023, Appellant filed a Motion for Reconsideration with Cumberland Common Pleas arguing the court had jurisdiction over the Petition because Dauphin Common Pleas transferred the Dependency Matter to Cumberland Common Pleas. (*Id.* at 48b-49b.) Appellant further contended that Cumberland Common Pleas should reconsider its Transfer Order because Appellant resided in Cumberland County and a conflict of interest existed with Dauphin County. (*Id.* at 49b.) By order dated November 14, 2023, Cumberland Common Pleas denied Appellant's Motion for Reconsideration. (*Id.* at 134b-35b.) In the order, Cumberland Common Pleas found it of no import that Dauphin Common Pleas transferred the Dependency Matter to Cumberland Common Pleas and explained again that Appellant must bring the Petition in Dauphin Common Pleas, where Dauphin County Appellees are located. (*Id.* at 134b.)

On November 28, 2023, Appellant filed an Amended Emergency Petition for Special Relief (Amended Petition) with Cumberland Common Pleas. (*Id.* at 136b.) In the Amended Petition, Appellant attempted to remove Dauphin County Appellees and substitute individual employees of Dauphin County Appellees. (*Id.*) Further, Appellant attempted to amend the Petition to include tort claims and a request for monetary damages. (*Id.*) By order dated November 29, 2023, Cumberland Common Pleas denied Appellant's Amended Petition, explaining that Cumberland Common Pleas previously divested itself of jurisdiction over the Petition. (*Id.* at 152b.)

Also on November 28, 2023, Appellant filed a Notice of Appeal indicating her intent to appeal the Transfer Order. Simultaneously, Appellant filed the IFP Petition averring that she was unable to pay the fees and costs associated with the

litigation. (*Id.* at 140b-44b.) In the IFP Petition, Appellant provided information regarding the amount of income she received in the previous 12 months and the amount of funds she had in a checking account. (*Id.* at 140b-42b.) Additionally, Appellant indicated she was unemployed and received medical assistance. (*Id.*) Regarding debts and obligations, Appellant stated that she owed monthly rent and had outstanding loan and credit card debt. (*Id.* at 143b.) Appellant further listed that she had a mortgage; however, Appellant also verified that she did not own a home. (*Id.* at 142b-43b.) In the IFP Order, Cumberland Common Pleas denied Appellant's IFP Petition without explanation. (*Id.* at 146b.) On November 30, 2023, Appellant filed an additional Notice of Appeal indicating her intent to appeal the IFP Order.[3]

Following Appellant's appeals, on January 23, 2024, Cumberland Common Pleas issued a statement in lieu of an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a). Regarding the Transfer Order, Cumberland Common Pleas explained that Dauphin Common Pleas is the only proper venue for Appellant's Petition because, under Pennsylvania Rule of Civil Procedure 2103(b), Pa.R.Civ.P. 2103(b), actions against Dauphin County Appellees (political subdivisions) must be brought in the county where they are located, which is Dauphin County. (Cumberland Common Pleas's 1925(a) Statement (1925 Statement) at 1-2.) Consequently, Cumberland Common Pleas explained it was required to transfer the Petition to Dauphin Common Pleas. (*Id.* at 2.) Regarding the IFP Order, Cumberland Common Pleas explained that after considering the facts and circumstances averred by Appellant in the IFP Petition, the court concluded Appellant possessed the ability to pay the filing fee for her appeal because her

_____

[3] By Order dated April 17, 2024, this Court *sua sponte* consolidated Appellant's appeals of the Transfer Order and IFP Order.

monthly expenses did not outweigh her monthly income, and Appellant had paid all court fees up until that time. (*Id.*) Cumberland Common Pleas noted that it did not reject Appellant's averments in the IFP Petition but concluded based on those averments that she could afford to pay the one-time filing fee. (*Id.* at 2 n.4.) Thus, Cumberland Common Pleas denied the IFP Petition. (*Id.* at 2.)

On October 26, 2024, Appellant filed an Application for Relief with this Court, requesting that the Court impose sanctions against Kimberly A. Boyer-Cohen, who is counsel for Dauphin CYS, Commissioner Hartwick, Dauphin CIS, and Dauphin Communications, and against Marisa McClellan, who is an administrator at Dauphin CYS (Application for Sanctions). On December 19, 2024, Appellant filed a second Application for Relief with this Court, requesting that the Court strike allegedly false statements from Susquehanna School District's December 18, 2024 brief and, again, impose sanctions on Ms. McClellan (Application to Strike). Additionally, Appellant filed a Comprehensive Application for Relief on January 4, 2025, which requests that this Court not consider any references made by Appellees to the factual basis of the Dependency Matter. In response to Susquehanna School District's answer to the Comprehensive Application for Relief, on January 18, 2025, Appellant filed an Application to Strike Appellee's Answer Pursuant to 58 Pa. Code § 183.457 for Immaterial and Impertinent Legal Conclusions (Application to Strike Answer to Comprehensive Application for Relief). Finally, Appellant filed a Supplemental Application for Relief on January 6, 2025, which requests that this Court grant injunctive relief compelling Cumberland Common Pleas to comply with subpoenas filed by Appellant seeking transcripts of a shelter hearing in Cumberland Common Pleas related to the Dependency Matter.

6

After receiving all briefing in this matter, this Court will now address the parties' arguments.[4]

## II. DISCUSSION[5]

On appeal, Appellant raises numerous arguments and claims regarding the alleged actions and conduct of Appellees. However, the Orders on appeal are of limited scope; therefore, the Court will only consider Appellant's arguments regarding whether Cumberland Common Pleas erred by (1) transferring the Petition to Dauphin Common Pleas on improper venue grounds and (2) denying the IFP Petition. Before the Court considers Appellant's arguments regarding the Transfer Order and IFP Order, we address Appellant's five applications for relief as some of the relief requested therein seeks to limit this Court's review of the briefing on the merits.

### A. *Applications for Relief*

#### 1. Application for Sanctions

In the Application for Sanctions, Appellant requests this Court grant injunctive relief by imposing sanctions on Dauphin CYS, Commissioner Hartwick, Dauphin CIS, and Dauphin Communications (Application for Sanctions Appellees), Attorney Boyer-Cohen, Marshall Dennehey P.C., and Ms. McClellan. Relevant to

---

[4] By Order dated January 22, 2025, this Court precluded Appellees Baltimore County Police Department and Harrisburg City Police Department from filing a brief because they did not file a brief pursuant to this Court's December 5, 2024 Order.

[5] This Court's review is limited to determining whether Cumberland Common Pleas erred as a matter of law or abused its discretion. *Pace Constr. Managers, Inc. v. Muncy Sch. Dist.*, 911 A.2d 585, 588 n.4 (Pa. Cmwlth. 2006).

7

this appeal,[6] Appellant argues sanctions are required because the Application for Sanctions Appellees, through counsel, "falsified statements" in their brief in an effort "to confuse the Court and distort the docket." (10/26/2024 Appl. for Relief ¶ 7.) First, Appellant asserts that the Application for Sanctions Appellees falsely stated that Dauphin CYS had custody of Appellant's children because they referenced the Petition, which according to Appellant, is outdated and no longer relevant. Second, Appellant contends that the Application for Sanctions Appellees falsely stated that Dauphin CYS had jurisdiction to bring the Dependency Matter against Appellant in Dauphin County, and that Appellant resided in Dauphin County when Dauphin CYS initiated the Dependency Matter. Appellant maintains these statements are all untrue.

In opposition, the Application for Sanctions Appellees argue the Application for Sanctions should be denied because the challenged statements derive from the Petition itself. First, the Application for Sanctions Appellees assert their brief did not make false statements regarding the custody of Appellant's children because they simply referenced what Appellant alleged in the Petition. In their view, the Petition states that Dauphin CYS "took placement" of Appellant's children for 13 days; therefore, their statements regarding whether Dauphin CYS had custody of Appellant's children are not false. (Answer to 10/26/2024 Appl. for Relief at 3.) Second, the Application for Sanctions Appellees contend that their brief did not make false statements regarding Appellant's residency because, again, they referenced the factual basis of the Petition. According to the Application for

---

[6] In the Application for Sanctions, Appellant asserts numerous allegations against the Application for Sanctions Appellees, Attorney Boyer-Cohen, and Ms. McClellan regarding the underlying Dependency Matter. However, this is not an appeal of the Dependency Matter proceedings; accordingly, we only review Appellant's arguments as they relate to this appeal.

8

Sanctions Appellees, the record shows that events underlying the Petition took place while Appellant resided in Dauphin County. Therefore, because their statements regarding Appellant's residency were based on the Petition, the Application for Sanctions Appellees contend they did not make false statements in their brief.

Upon review, we conclude sanctions are not warranted here. Appellant does not cite the basis on which she seeks sanctions, but Pennsylvania Rule of Appellate Procedure 2744, Pa.R.A.P. 2744, provides that "[i]n addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just . . . if it determines . . . that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious." Pa.R.A.P. 2744. Although Pa.R.A.P. 2744 does not define dilatory, obdurate, or vexatious conduct, this Court has defined each term as follows. First, "[c]onduct is 'dilatory' where the record demonstrates that counsel displayed a lack of diligence that delayed proceedings unnecessarily and caused additional legal work." *MFW Wine Co., LLC v. Pa. Liquor Control Bd.*, 276 A.3d 1225, 1240 (Pa. Cmwlth. 2022) (emphasis removed) (quoting *In re Est. of Burger*, 852 A.2d 385, 391 (Pa. Super. 2004)). Second, "[g]enerally speaking, 'obdurate' conduct may be defined in this context as 'stubbornly persistent in wrongdoing.'" *Id.* (emphasis removed) (quoting *In re Est. of Burger*, 852 A.2d at 391). Finally, conduct is "vexatious" when it is "without reasonable or probable cause or excuse; harassing; annoying." *Id.* (emphasis removed) (quoting Black's Law Dictionary 1701 (9th ed. 2009)).

Here, the alleged wrongful conduct of the Application for Sanctions Appellees, Attorney Boyer-Cohen, Marshall Dennehey P.C., and Ms. McClellan is not dilatory, obdurate, or vexatious. First, the Application for Sanctions Appellees did not make false statements regarding the custody of Appellant's children in their

9

brief to this Court. The Application for Sanctions Appellees referred to Appellant's Petition—the subject matter of this appeal—which explicitly states that Dauphin CYS "took placement" of Appellant's children. (*See* S.R.R. at 11b.) The fact that Appellant has since secured the return of her children does not make that statement false. Second, the Application for Sanctions Appellees' statements regarding the jurisdiction of the Dependency Matter and Appellant's residency are not false. Again, the statements reference the factual basis of the Petition, which show that at the time of the Petition, Dauphin Common Pleas operated as if it had jurisdiction over the Dependency Matter (as reflected by the court order removing one of Appellant's children) and that Appellant resided in Dauphin County while some of the events leading up to the Dependency Matter occurred. A later Dauphin Common Pleas' decision transferring the Dependency Matter on jurisdictional grounds to Cumberland Common Pleas does not alter the factual bases of the Petition. Additionally, the Application for Sanctions Appellees specifically note in their brief that Appellant averred in the Petition that she changed her residency to Cumberland County. For those reasons, we discern no dilatory, obdurate, or vexatious conduct and conclude sanctions are not warranted here.

Appellant also requests this Court refer Attorney Boyer-Cohen and Ms. McClellan, an attorney employed as an administrator with Dauphin CYS, to the Pennsylvania Supreme Court Disciplinary Board for investigation. Because we conclude sanctions are not warranted, we will not refer Attorney Boyer-Cohen to the Disciplinary Board. Likewise, we will not refer Ms. McClellan to the Disciplinary Board because Appellant does not raise any issues specifically regarding Ms. McClellan's role in this matter in the Application for Sanctions. Moreover, outside

10

of being employed by Dauphin CYS, Ms. McClellan is neither a named party, professionally or personally, nor engaged in her attorney capacity in this matter.

Accordingly, Appellant's Application for Sanctions is denied.

2. Application to Strike

Next, Appellant requests this Court strike allegedly false statements made by Susquehanna School District in its appellate brief to this Court and, again, impose sanctions on Ms. McClellan based on her alleged improper actions in the Dependency Matter.

First, Appellant argues Susquehanna School District made false statements regarding the Dependency Matter. Appellant takes issue with Susquehanna School District's general statements that Dauphin Common Pleas had jurisdiction over the Dependency Matter and that Appellant resided in Dauphin County while she was being investigated in connection with the Dependency Matter. Appellant contends both of these statements are false because Dauphin Common Pleas transferred the Dependency Matter to Cumberland Common Pleas on jurisdictional grounds, Appellant resided in Cumberland County at the time of the Dependency Matter, and Cumberland Common Pleas dismissed the Dependency Matter.

In response, Susquehanna School District first argues that Appellant is conflating two separate and distinct matters (the Petition and Dependency Matter), which have no bearing on each other. Second, Susquehanna School District argues any of its allegedly false statements derive from the facts alleged by Appellant in the Petition and the underlying, verified facts alleged in the Dependency Matter.

11

Therefore, Susquehanna School District requests this Court deny the Application to Strike.[7]

Appellant's arguments regarding the allegedly false statements made by Susquehanna School District are essentially the same as those in the Application for Sanctions. Therefore, for the same reasons the Court denied the Application for Sanctions, we deny Appellant's Application to Strike regarding Susquehanna School District's allegedly false statements.

Second, Appellant again requests this Court refer Ms. McClellan to the Pennsylvania Supreme Court Disciplinary Board because she engaged in "malicious prosecution, attorney misconduct, and child endangerment," in addition to "committing fraud on the Court, harm and unnecessary debt to Appellant, and fraudulent waste of this Court's time and money." (12/19/2024 Appl. for Relief ¶ 6, Wherefore Clause.) Again, for the same reasons we denied the requested relief in the Application for Sanctions, we will not sanction or report Ms. McClellan for any alleged wrongdoing.

For those reasons, Appellant's Application to Strike is denied.

### 3. Comprehensive Application for Relief

In the Comprehensive Application for Relief, Appellant again requests that this Court not consider any statements made by Appellees regarding the Dependency Matter. Because this Court denied the Application for Sanctions and the Application to Strike, we also deny Appellant's Comprehensive Application for Relief for the same reasons.

---

[7] Appellant also filed a reply to Susquehanna School District's answer to the Application to Strike. Pennsylvania Rule of Appellate Procedure 123, Pa.R.A.P. 123, does not authorize the filing of a reply to an answer without this Court's permission. Because the Court did not grant Appellant permission to file a reply, we do not consider its contents.

4. Application to Strike Answer to Comprehensive Application for Relief

Following Susquehanna School District's January 17, 2025 Answer to Comprehensive Application for Relief, Appellant filed the Application to Strike Answer to Comprehensive Application for Relief on January 18, 2025. Thereafter, Susquehanna School District filed a letter answer to the January 18 application, to which Appellant filed a letter response. Upon review, we deny the Application to Strike Answer to Comprehensive Application for Relief. Title 58, Section 183.457 of the Pennsylvania Code, upon which Appellant relies, does not apply to this proceeding as it does not permit a party before our Court to file an application to strike an opposing party's answer to an application for relief. *See* 58 Pa. Code § 183.457 (allowing a party before the Pennsylvania State Harness Racing Commission to file a motion to strike a pleading as insufficient).

5. Supplemental Application for Relief

Finally, in the Supplemental Application for Relief, Appellant requests that this Court grant injunctive relief compelling Cumberland Common Pleas to comply with subpoenas filed by Appellant seeking the transcript of a shelter hearing related to the Dependency Matter before Cumberland Common Pleas. Because Appellant is requesting that the Court direct Cumberland Common Pleas to comply with subpoenas regarding the Dependency Matter—a separate and distinct matter from the Petition—we deny the Supplemental Application for Relief. This is an appeal of the Transfer Order and IFP Order of Cumberland Common Pleas, involving the venue and costs of the Petition. Because this appeal does not involve any appealable order related to the Dependency Matter, this Court lacks jurisdiction to direct Cumberland Common Pleas to act in the Dependency Matter. *See* Section 762 of

13

the Judicial Code, 42 Pa.C.S. § 762 (providing the Court with jurisdiction over appeals from orders of the courts of common pleas). To the extent Appellant is requesting review of an unspecified order of Cumberland Common Pleas related to the Petition, we deny the Supplemental Application for Relief because Appellant did not appeal any order of Cumberland Common Pleas regarding subpoenas. *See* Pennsylvania Rule of Appellate Procedure 903(a), Pa.R.A.P. 903(a); *Koken v. Colonial Assur. Co.*, 885 A.2d 1078, 1101 (Pa. Cmwlth. 2005) ("[A] party waives the right to appeal an order if notice of the appeal is not filed within thirty (30) days after entry of the relevant order.").

### B. Venue of the Petition

Next, the Court addresses whether Cumberland Common Pleas erred as a matter of law or abused its discretion when it transferred the Petition to Dauphin Common Pleas on improper venue grounds.

Appellant argues Cumberland Common Pleas erred because it did not consider Section 333 of the JARA Continuation Act of 1980 (JARA)[8] in reaching its

---

[8] Act of October 5, 1980, P.L. 693, *as amended*, 42 P.S. § 20043. In full, Section 333 of JARA states:

> The act of November 26, 1978 (P.L.[ ]1399, No. 330), known as the "Political Subdivision Tort Claims Act," is repealed. Actions under Subchapter C of Chapter 85 (relating to actions against local parties) of Title 42 of the Pennsylvania Consolidated Statutes for claims against a local agency may be brought in and only in a county in which the local agency is located or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose. No interest shall accrue in any such action prior to any entry of judgment. A local agency may intervene in any action brought against an employee thereof for damages on account of an injury to a person or property based on claims arising from, or reasonably related to, the office or the performance of the duties of the employee.

*Id.*

14

venue determination. Appellant contends that under Section 333 of JARA, proper venue of the Petition lies with Cumberland Common Pleas because Cumberland County is where the "occurrence" out of which the Petition arose took place; that is, she and her children resided in Cumberland County when Dauphin CYS initiated the Dependency Matter underlying the Petition. (Appellant's Brief (Br.) at 37.)

In opposition, Dauphin County Appellees argue Cumberland Common Pleas did not err because Pa.R.Civ.P. 2103(b)[9] mandates that actions against political subdivisions, such as Dauphin County Appellees, must be brought in the county in which the subdivision is located, which is Dauphin County in this case. Additionally, Dauphin County Appellees contend Section 333 of JARA is not applicable here because Section 333 applies only to tort actions and the Petition does not sound in tort but rather seeks intervention from Cumberland Common Pleas regarding the custody of Appellant's children. For those reasons, Dauphin County Appellees argue Cumberland Common Pleas did not err in transferring the Petition to Dauphin Common Pleas because Dauphin Common Pleas is the only proper venue for the Petition.

Additionally, in their answer to the Application for Sanctions, the Application for Sanctions Appellees contend Appellant's appeal of the Transfer Order is moot because Appellant's children have been returned to her—the sole purpose of the Petition. The Application for Sanctions Appellees argue that the return of Appellant's children to her is an intervening change of fact that renders Appellant's

---

[9] Pa.R.Civ.P. 2103(b) states, "[e]xcept when the Commonwealth is the plaintiff or when otherwise provided by an Act of Assembly, an action against a political subdivision may be brought only in the county in which the political subdivision is located." Pa.R.Civ.P. 2103(b). Pa.R.Civ.P. 2103(b) is implicated by Pa.R.Civ.P. 1006(b), which states that actions against "political subdivisions" "may be brought in and only in the counties designated by . . . [Pa.R.Civ.P.] 2103." Pa.R.Civ.P. 1006(b).

15

appeal moot because the underlying Petition only sought intervention from Cumberland Common Pleas to facilitate the return of her children to her. Upon review, we agree.

"It is well settled that an actual case or controversy must be extant at all stages of litigation, not merely at the time that a complaint is filed; otherwise, this Court will dismiss an appeal as moot." *Gray v. Phila. Dist. Att'y's Off.*, 311 A.3d 1230, 1236 (Pa. Cmwlth. 2024) (citing *Harris v. Rendell*, 982 A.2d 1030, 1035 (Pa. Cmwlth. 2009)). "An 'actual case or controversy' is one that is real rather than hypothetical and affects someone in a concrete manner so as to provide a factual predicate for reasoned adjudication." *Id.* (citing *Finn v. Rendell*, 990 A.2d 100, 105 (Pa. Cmwlth. 2010)). An intervening change in the facts of a case may render the actual case or controversy hypothetical rather than real. *J.J. M. v. Pa. State Police*, 183 A.3d 1109, 1112 (Pa. Cmwlth. 2018) (citation omitted). Without an actual case or controversy, this Court will dismiss an appeal as moot because "the [C]ourt cannot enter an order that has any legal force or effect." *Chruby v. Dep't of Corr.*, 4 A.3d 764, 770-71 (Pa. Cmwlth. 2010) (citation omitted); *see also Buehl v. Beard*, 54 A.3d 412, 419 (Pa. Cmwlth. 2012) ("Absent an 'actual controversy,' any opinion rendered would be advisory, and we do not issue advisory opinions."). "As a pure question of law, the issue of mootness is subject to a *de novo* standard of review." *Gray*, 311 A.3d at 1236 (citation omitted). Additionally, "we may *sua sponte* raise the issue of mootness." *Battiste v. Borough of East McKeesport*, 94 A.3d 418, 424 (Pa. Cmwlth. 2014) (citations omitted).

Here, Appellant's appeal of the Transfer Order has been rendered moot because Appellant has secured the return of her children into her custody—the sole purpose of the Petition. Appellant filed the Petition in Cumberland Common Pleas

requesting that court to intervene in the Dependency Matter before Dauphin Common Pleas and to facilitate the return of her children. After Cumberland Common Pleas transferred the Petition to Dauphin Common Pleas on allegedly improper venue grounds, Appellant appealed the transfer order to this Court. However, as Appellant has admitted multiple times, Appellant's children were returned to her custody on November 16, 2023, which was before she commenced this appeal on November 28, 2023. (*See* Appellant's Br. at 10-11, 30; Appellant's 8/3/2024 Reply Br. at 11; Appellant's 8/15/2024 Reply Br. at 9-10, 18, 45; Appellant's 12/19/2024 Reply Br. at 6; 10/26/2024 Appl. for Relief ¶¶ 6, 8; 1/4/2025 Comprehensive Appl. for Relief ¶ 8; 1/6/2025 Suppl. Appl. for Relief ¶ 9.) Moreover, Appellant admitted that the Petition is "no longer relevant" because she secured the return of her children into her custody. (Appellant's 12/19/2024 Reply Br. at 6 ("Appellant[']s request for injunctive relief for [the] return of her children is no longer relevant because her children were returned to her sole custody . . . ."); 10/26/2024 Appl. for Relief ¶ 8 ("Appellant's Petition . . . was filed a year ago and [is] no longer relevant to Appellant's custody at this time.").) Consequently, the actual case or controversy underlying Appellant's appeal of the venue transfer order became hypothetical rather than real because Appellant has secured the return of her children. *See Gray*, 311 A.3d at 1236. Because "the [C]ourt cannot enter an order that has any legal force or effect," we are constrained to conclude that Appellant's appeal is moot. *See Chruby*, 4 A.3d at 770-71.[10]

---

[10] "Exceptions to the mootness doctrine may be made where the conduct complained of is capable of repetition yet likely to evade judicial review, where the case involves issues of great public importance, or where one party will suffer a detriment without the court's decision." *Gray*, 311 A.3d at 1236 (citation omitted). Here, we do not believe any of these exceptions apply because the sole purpose of the Petition has been met.

Accordingly, this Court dismisses as moot Appellant's appeal of the Transfer Order.[11]

### C. In Forma Pauperis

Next, Appellant contends Cumberland Common Pleas erred as a matter of law or abused its discretion when it denied the IFP Petition for two main reasons. First, Appellant argues Cumberland Common Pleas erred because it did not briefly state its reasons for denying the IFP Petition as required by Pennsylvania Rule of Appellate Procedure 552(e), Pa.R.A.P. 552(e). Second, Appellant asserts Cumberland Common Pleas erred because it did not conduct an evidentiary hearing before it denied the IFP Petition. By not providing its reasons for denying the IFP Petition or conducting an evidentiary hearing before it did so, Appellant argues Cumberland Common Pleas failed to consider her need to pay for necessities, her excessive debt, and other indicators Appellant maintains show that she was impoverished for purposes of the IFP Petition. According to Appellant, these errors further show that Cumberland Common Pleas acted in a biased and prejudicial manner in denying the IFP Petition.

In response, Dauphin County Appellees argue Cumberland Common Pleas did not err or abuse its discretion when it denied the IFP Petition. Dauphin County Appellees reason Cumberland Common Pleas considered what Appellant averred in the IFP Petition and determined Appellant could afford the filing fee associated with her appeal of the Transfer Order. According to Dauphin County Appellees,

---

[11] The Court cautions, however, that Pennsylvania courts may **not**, as Cumberland Common Pleas did here, *sua sponte* transfer a matter for purposes of venue; rather, the defendant must either file preliminary objections challenging venue as improper or file a petition challenging venue on the basis of *forum non conveniens* or the court's inability to hold a fair and impartial trial before a court may transfer a matter for venue purposes. *See* Pennsylvania Rule of Civil Procedure 1006(d)(1)-(2), (e), Pa.R.Civ.P. 1006(d)(1)-(2), (e).

18

Cumberland Common Pleas did not need to factor into its decision information not contained in the verified IFP Petition, as Appellant suggests. Moreover, Dauphin County Appellees contend Cumberland Common Pleas was not required to hold an evidentiary hearing before denying the IFP Petition because the court believed Appellant's averments in the IFP Petition but concluded she could pay the $80.00 filing fee.

Under Pa.R.A.P. 552(a), "[a] party who is not eligible to file a verified statement under Pa.R.A.P. 551 (continuation of [IFP] status for purposes of appeal) may apply to the trial court for leave to proceed on appeal [IFP]." Pa.R.A.P. 552(a); *see also* Pennsylvania Rule of Civil Procedure 240(b), Pa.R.Civ.P. 240(b) ("A party who is without financial resources to pay the costs of litigation is entitled to proceed [IFP]."). When considering an IFP application, "[t]he trial court has considerable discretion in determining whether a person is indigent for purposes of an application to proceed [IFP]." *Taylor v. Payne* (Pa. Cmwlth., No. 210 C.D. 2023, filed Oct. 17, 2024), slip op. at 5 (quoting *D.R.M. v. N.K.M.*, 153 A.3d 348, 351 (Pa. Super. 2016)).[12] "Despite its considerable discretion, 'if a trial court disbelieves the averments in an application to proceed [IFP], it is required to hold a hearing on the application to determine the veracity of the allegations contained therein.'" *Vurimindi v. Phila. Dist. Att'y's Off.* (Pa. Cmwlth., No. 100 C.D. 2018, filed Jan. 3, 2019), slip op. at 3 (per curiam) (quoting *Crosby Square Apartments v. Henson*, 666 A.2d 737, 738 (Pa. Super. 1995), and citing *Amrhein v. Amrhein*, 903 A.2d 17, 24 (Pa. Super. 2006), and *In re Adoption of B.G.S.*, 614 A.2d 1161, 1171 (Pa. Super. 1992)). "However, if the trial court believes the petitioner's averments then there is

---

[12] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

no requirement that the trial court conduct an evidentiary hearing." *In re Adoption of B.G.S.*, 614 A.2d at 1171.[13]

If the trial court denies the IFP application, "in whole or in part, the court shall briefly state its reasons." Pa.R.A.P. 552(e) (emphasis added); *see also* Pa.R.Civ.P. 240(c)(3) ("If the [IFP] petition is denied, in whole or in part, the court shall briefly state its reasons."). Although Appellant does not direct this Court to any case law discussing when a trial court must briefly state its reasons for denying an IFP application under Pa.R.A.P. 552(e), this Court has previously addressed this issue under the analogous Pa.R.Civ.P. 240(c)(3), which in the Court's view serves the same purpose as Pa.R.A.P. 552(e). In accordance with Pa.R.Civ.P. 240(c)(3), the trial court must briefly state its reasons for its denial of an IFP application at the time it denied the application. *See Lynch v. Gittelmacher* (Pa. Cmwlth., No. 2467 C.D. 2015, filed June 8, 2016), slip op. at 4; *Goldstein v. Haband Co., Inc.*, 814 A.2d 1214, 1218 (Pa. Super. 2002). "The benefit of a brief, contemporaneous statement is to allow a litigant claiming IFP status, either *pro se* or with counsel, to correct any technical or other mistakes in the petition without having to borrow money to file an appeal or without losing the right to file a lawsuit if in fact he or she is indigent." *Goldstein*, 814 A.2d at 1218. Generally, therefore, "[a] trial court's belated [Pa.R.A.P.] 1925(a) opinion does not cure this problem, since the brief statement of reasons enables the party to correct any defects in the [IFP] petition and the [Pa.R.A.P.] 1925(a) opinion does not." *Lynch*, slip op. at 4 (quoting *Goldstein*, 814 A.2d at 1215). However, this Court will not overturn a trial court's denial of an IFP

---

[13] "In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues." *Young v. City of Scranton*, 291 A.3d 1245, 1250 n.11 (Pa. Cmwlth. 2023) (citing *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018)).

petition because of this procedural error if the Pa.R.A.P. 1925(a) opinion facilitates meaningful review of the trial court's denial, and the procedural error was harmless. *See Tedesco v. Link* (Pa. Cmwlth., No. 709 C.D. 2020, filed Oct. 3, 2022), slip op. at 8, 11 (remanding to the trial court to provide a Pa.R.A.P. 1925(a) opinion that facilitates meaningful review of the trial court's denial of an IFP petition to determine if the trial court's procedural error was harmless);[14] *see also* Pennsylvania Rule of Civil Procedure 126(a), Pa.R.Civ.P. 126(a) ("The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantive rights of the parties.").

Here, Cumberland Common Pleas should have provided a brief statement of its reasons for denying the IFP Petition at the time of the denial instead of providing its reasons in its 1925 Statement. Upon review of the 1925 Statement and the record, any procedural error was harmless because the court did not abuse its discretion in denying the IFP Petition and the error did not affect Appellant's right to appeal the Transfer Order. Cumberland Common Pleas explained in its 1925 Statement that it denied the IFP Petition because, after it considered the facts and circumstances averred by Appellant, it concluded Appellant possessed the ability to pay the one-time filing fee for her appeal of the Transfer Order as her monthly expenses did not outweigh her monthly income and she had paid all court fees up until her appeal. Cumberland Common Pleas possessed "considerable discretion" to reach its conclusion, and its denial of the IFP Petition did not override or misapply the law and was not "manifestly unreasonable or [] the result of partiality, prejudice, bias, or ill will." *See Taylor*, slip op. at 5 (citation omitted). Moreover, its denial did not

---

[14] Following remand and the trial court's new Pa.R.A.P. 1925(a) opinion, our Court affirmed the trial court's denial of the appellant's IFP petition. *Tedesco v. Link* (Pa. Cmwlth., No. 709 C.D. 2020, filed May 16, 2023), slip op. at 2, 4.

21

affect Appellant's right to have an appellate court review the Transfer Order, as evidenced by our above review of the Order. Accordingly, we will not overturn the IFP Order because any procedural error was harmless.

We further conclude that Cumberland Common Pleas did not err by denying the IFP Petition without holding an evidentiary hearing at which Appellant could have presented evidence that she contends the court did not consider. As Cumberland Common Pleas noted in its 1925 Statement, the court did not reject Appellant's averments in the IFP Petition, upon which a court can make an IFP determination alone; rather, the court examined the averments to conclude Appellant could afford to pay the one-time filing fee of $80.00 for her appeal of the Transfer Order. Therefore, we cannot conclude that Cumberland Common Pleas abused its discretion by not holding an evidentiary hearing before it denied the IFP Petition because it was not required to do so as it believed the averments contained in the IFP Petition. *See In re Adoption of B.G.S.*, 614 A.2d at 1171.

Therefore, the Court affirms the IFP Order.

## III. CONCLUSION

For the foregoing reasons, this Court dismisses as moot Appellant's appeal of the Transfer Order, affirms the IFP Order, and denies all of Appellant's applications for relief.

_____
**RENÉE COHN JUBELIRER,** President Judge

22

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Hadassah Feinberg, | : | CASES CONSOLIDATED |
| Appellant | : | |
| | : | |
| v. | : | Nos. 1429 & 1430 C.D. 2023 |
| | : | |
| Baltimore County Police Department, | : | |
| Dauphin County Children & Youth | : | |
| Services, Susquehanna Township | : | |
| School District, Susquehanna Township | : | |
| Police Department, Harrisburg City | : | |
| Police Department, Commissioner | : | |
| George P. Hartwick III, Crisis | : | |
| Intervention Services of Dauphin | : | |
| County, and Dauphin County | : | |
| Communications | : | |

# O R D E R

**NOW**, April 11, 2025, Hadassah Feinberg's appeal of the November 9, 2023 Order of the Court of Common Pleas of Cumberland County is **DISMISSED** as moot. The November 29, 2023 Order of the Court of Common Pleas of Cumberland County is **AFFIRMED**. Hadassah Feinberg's October 26, 2024 Application for Relief, December 19, 2024 Application for Relief, January 4, 2025 Comprehensive Application for Relief, January 6, 2025 Supplemental Application for Relief, and January 18, 2025 Application to Strike Appellees' Answer Pursuant to 58 Pa. Code § 183.457 for Immaterial and Impertinent Legal Conclusions are **DENIED**.

 

 

_____
**RENÉE COHN JUBELIRER,** President Judge